EDNA DICKINSON, APPELLANT, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, RESPONDENT.

Argued Mearch 10, 1919—Decided June 20, 1919.

Defendant built and maintained an embankment and wall along a public highway upon which plaintiff's property abuts, thereby interfering with her use of the highway and making ingress and egress to her premises more difficult. *Held*, under the facts of this case, that plaintiff was entitled to actual, but not punitive, damages.

On appeal from the Supreme Court.

For the appellant, *Lum, Tamblyn & Colyer.*

For the respondent, *Frederic B. Scott.*

PER CURIAM.

The cause before the court on this appeal is one of a series of actions brought by the plaintiff to recover damages for a nuisance created and maintained by the defendant company by means of an embankment and wall along a public highway in the borough of Chatham, upon which highway the plaintiff's property abuts, thereby interfering with her use of the highway and making ingress and egress to her premises more difficult. In the first suit the plaintiff recovered damages and the judgment was sustained in this court. 87 *N. J. L.* 264. The second suit resulted in a verdict for the plaintiff for $1,436, including $500 for punitive damages. This was sustained in this court. 90 *Id.* 158, 162. But Chief Justice Gummere, delivering the opinion, remarked that the court was unable to perceive any theory upon which under the facts the appellant had subjected itself to a liability to have punitive damages assessed against it; but, as that action had not been made a ground of appeal, judgment could not be reversed for that error, notwithstanding its injurious char-

acter.   Another suit was commenced which resulted in a general verdict against defendant for $4,000.   This, on rule to show cause, was set aside in the Supreme Court in an unreported opinion.   From observations in that opinion the trial judge assumed that the plaintiff was entitled to have her claim for punitive damages submitted to the jury, and that was done, and the jury found such damages.   This was taken up on rule to show cause and was set aside because the court was of opinion that the plaintiff was not entitled to have punitive damages assessed against the defendant, and a *venire de novo* was granted.   On the retrial plaintiff was denied any right to have her claim for punitive damages submitted to the jury, and the trial judge directed a verdict for actual damages, which had been stipulated by the parties to be $1,-332.   It is an exception to the ruling that plaintiff was not entitled to exemplary damages in that case that is now before us for review.

The Supreme Court, in its opinion on the rule to show cause in the case at bar, referred to the observation of the Court of Errors and Appeals in the case in 90 *N. J. L.*, *supra*, and said that the facts in that case, so far as they related to the subject-matter then under consideration, were practically the same as those there presented (to the Supreme Court), except that the cited case was the second and the present one the third or fourth of these cases (in fact, it was a retrial of the third), and that, they thought, was immaterial; that, like the Court of Errors and Appeals, they were unable to perceive any theory upon which, under the facts recited, the defendant company had subjected itself to a liability to have punitive damages assessed against it.   And this, we think, was right. It is entirely applicable to, and dispositive of, the case at bar, and the judgment under review will therefore be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ.   12.

*For reversal*—None.